```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| SEAN E. BRANHAM and ) | |
| JACQUELINE BRANHAM, ) | |
| ) | Civil Action No. 5:07-305-JMH |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| MICRO COMPUTER ANALYSTS, INC., ) | **MEMORANDUM OPINION AND ORDER** |
| et. al., ) | |
| ) | |
|     Defendants. ) | |

          \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Defendants' Motions to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6). The time for responses having passed and none having been filed, this matter is ripe for review.

### I.  FACTS AND PROCEDURAL BACKGROUND

Plaintiff Sean Branham was hired as a Fayette County Public School teacher for the 2005-06 school year. He asserts that a number of parties personally injured him, violated his civil rights, and caused him not to be rehired for the 2006-07 school year.

The following is a timeline of events as alleged in Plaintiffs' complaint. On July 12, 2005, Plaintiff Jacqueline Branham took her computer into Defendant Micro Computer Analysts ("MCA") for repair. On July 17, 2005, MCA President, Defendant Eric Lakes, filed a criminal report with Defendant Lexington-

Fayette Urban County Government Division of Police ("LFUCG"), stating that he had found what appeared to be child pornography on the plaintiffs' computer while repairing it.

On August 11, 2005, Plaintiff Sean Branham was given a standard one-year, limited employment contract with Fayette County Public Schools ("FCPS") to teach during the 2005-06 school year. On September 13, 2005, the Education Professional Standards Board ("EPSB") sent a copy of Branham's emergency teaching certificate to FCPS, indicating that it was set to expire June 30, 2006.

On April 19, 2006, Mr. Branham's evaluator at Leestown Middle School issued a "contractual status recommendation" that Mr. Branham's contract be non-renewed. On April 28, 2006, Defendant George Rogers, then FCPS Director of Human Resources, sent a memo to Branham advising him that he could not be given a contract for the 2006-07 school year until FCPS received notice from the EPSB that he had obtained an emergency teaching certificate for the 2006-07 school year.

On June 7, 2006, the LFUCG Division of Police arrested Sean Branham and charged him with two counts of possession of matter portraying a sexual performance by a minor. Branham posted bond the next day. On August 24, 2006, all criminal charges against Sean Branham were dismissed with prejudice.

On August 22, 2007, Branham filed the instant complaint, bringing a litany of tort, civil rights and contract claims. The

defendants named in this action include: MCA, MCA President Eric D. Lakes, FCPS, Stu Silberman, George Rogers, LFUCG Division of Police, and LFUCG Detective James Jeffries. Although not entirely clear which claims are asserted against which Defendants, Plaintiffs variously assert the following claims: invasion of privacy; conspiracy, false arrest and imprisonment under the Civil Rights Act; malicious prosecution; first civil conspiracy; second civil conspiracy; neglect to prevent conspiracy under the Civil Rights Act; detrimental reliance and breach of contract[1]; violation of civil rights; negligence; RICO civil tort; criminal violations of the Civil Rights Act and RICO; libel; slander; placing Plaintiffs in a false light; wrongful discharge; and respondeat superior.

## II. STANDARD OF REVIEW

Defendants moved to dismiss pursuant to Kentucky Civil Rule 12.02(f), which the Court will construe as analogous to Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829

---

[1] The "detrimental reliance and breach of contract" claim appears to be the only claim asserted on behalf of Jacqueline Branham.

3

F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Id.* If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 2007 WL 2403659, *2 -3 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, 2007 WL 2903231, *2 (E.D.Ky. 2007).

### III.   ANALYSIS

**A.   Civil Rights Claims**

Plaintiffs have asserted claims of unlawful arrest, conspiracy to interfere with civil rights, and neglect to prevent conspiracy pursuant to 28 [sic] U.S.C. §§ 1983, 1985 and 1986, respectively.[2] Claims arising under 42 U.S.C. § 1983, which provides a civil action for the deprivation of rights, are governed by a state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Kentucky, such claims are subject to a one-year limitations period under KRS 413.140. *Million v. Raymer*, 139 S.W.3d 914, 919 (Ky. 2004). Because Plaintiffs initiated this

---

[2] The Court understands Plaintiffs' claims to be based on 42 U.S.C. §§ 1983, 1985 and 1986.

4

action on August 22, 2007, their complaint must allege that Defendants took some action on or after August 23, 2006 which gave rise to the above-described claims; otherwise, the claims are barred by the statute of limitations.

According to Plaintiffs' complaint, the only action that occurred on or after August 23, 2006 was the dismissal of the charges against Mr. Branham, which occurred on August 24, 2006. In *Wallace v. Kato*, ---- U.S. ----, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), the Supreme Court held that the accrual of a § 1983 cause of action did not date to a state's dismissal of charges against an individual; but rather to the time when an arrestee appeared before the examining magistrate and was bound over for trial. *Id*. at 1100; *Cleary v. County of Macomb*, No. 06-15505, 2007 WL 2669102 (E.D. Mich. Sept. 6, 2007). Plaintiff does not specify when he first appeared before an examining magistrate, but presumably this occurred no later than June 8, 2006, when he posted bail and was released. Thus, Plaintiff's § 1983 claim is barred by the statute of limitations.

Plaintiff's §§ 1985 and 1986 conspiracy claims are similarly barred by the statute of limitations. These claims are subject to a one-year limitations period under KRS 413.140. At issue for the Court to clarify, though, is when that one-year period begins to toll. The statute of limitations on a civil rights conspiracy claim generally begins to run at the time of the last overt act in

furtherance of the conspiracy, subject to the "knew or should have known" rule. *Powell v. Tordoff*, 911 F.Supp. 1184 (N.D. Iowa, 1995); *N. Kentucky Tel. Co. v. S. Bell Tel. & Tel. Co.*, 73 F.2d 333 (6th Cir. 1934) (statute of limitations commences upon last overt act performed in furtherance of the conspiracy); *Servier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) (statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action).

Here, Plaintiff knew or had reason to know of Defendants' alleged conspiracy to deprive him of his civil rights, or alternately of Defendants' alleged neglect to prevent the same, no later than June 7, 2006, the date he was arrested and charged. These acts would constitute the last overt acts performed in furtherance of any alleged conspiracy to deprive Plaintiff of his civil rights. Because the acts serving as the basis for these claims did not occur on or after August 23, 2006, the claims are time-barred.

**B. RICO Civil Claims**

Plaintiffs have plainly failed to plead a cognizable RICO claim. The RICO statute, 18 U.S.C. § 1962, provides, in pertinent part:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity... to use or invest, directly or indirectly, any part of such income, in

>acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
>(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
>(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
>(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

When the above statutory language is unpacked, it is clear that Plaintiffs' complaint fails to allege facts to support a RICO claim. Section 1962(a) prohibits the proceeds of patterned racketeering activity from being invested in an enterprise engaged in interstate commerce. While Plaintiffs at least vaguely allege a pattern of wire and mail fraud perpetrated by Defendants - i.e. Defendants made telephone calls and used the internet - nowhere does the complaint describe the investment of any proceeds from these actions in any enterprise engaged in interstate commerce. Section 1962(b) relates to the acquisition of an interest in the kind of enterprise detailed in 1962(a), and any claim under this

provision is deficient for the same reasons. Section 1962(c) prohibits any person associated with an enterprise engaged in interstate commerce from conducting the enterprise's affairs through a pattern of racketeering activity. Plaintiffs state in their complaint: "Defendants, and each of them, at two or more times relevant to the Complaint... and constituting a pattern of activity did use federal wire and mail to initiate and effect the aforesaid false arrest, imprisonment, and false prosecution of Plaintiff Sean E. Branham." Complaint at ¶84. However, this bare assertion fails to meet the special pleading requirements of FRCP 9(b) as applied to RICO claims.

In *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003), the Court held that, under the FRCP 9(b)'s particularity requirement for averments of fraud, RICO plaintiffs must plead "the time, place and contents of the misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." This requires a plaintiff to describe specific acts of the fraud within the pleadings. *Leeds v. City of Muldraugh, Meade County, KY*, 174 Fed. Appx. 251, 254 (6th Cir. 2006). "[A] [fraud] complaint may not rely upon blanket references to acts or omissions by all of the 'defendants,'" *Bledsoe* at 643, which is exactly what Plaintiffs' complaint does here.

Beyond failing to allege which individuals committed what

8

specific fraudulent acts - when, where and what the contents of those misrepresentations were - Plaintiffs have not plead that they relied on those representations at all. When a RICO claim is predicated on underlying wire or mail fraud, a plaintiff must plead detrimental reliance on the allegedly fraudulent statements to have standing to sue. *Cent. Distrib. of Beer, Inc. v. Conn*, 5 F.3d 181, 184 (6th Cir. 1993). The content of those false statements and facts demonstrating reliance must be plead, too, with particularity, which is altogether absent from the portion of Plaintiffs' complaint alleging a RICO claim. *Blount Fin. Serv., Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987). Plaintiffs have failed to meet the requirements of FRCP 9(b) and therefore any 1963(c) claim must be dismissed.

Just as Plaintiffs have failed to plead with particularity facts establishing that any of the Defendants committed criminal racketeering activity underlying a RICO claim, Plaintiffs have also failed to plead with particularity facts establishing an agreement between any of the parties to act in concert, so as to be liable under 1963(d).

**C. Conspiracy to Violate Civil Rights and Criminal RICO Claims**

Plaintiffs allege that Defendants committed criminal violations of 42 [sic] U.S.C. § 241[3] and 18 U.S.C. §§ 1961 et. seq.

---

[3] The Court understands Plaintiffs' claim to be based on 18 U.S.C. § 241.

18 U.S.C. § 1963 prescribes criminal penalties for 18 U.S.C. § 1962. However, as discussed above, Plaintiffs have failed to plead a cognizable RICO claim, so the Court need not consider §1963 sanctions in the absence of a §1962 crime. 18 U.S.C. § 241, to the extent of its relevancy, states in part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . They shall be fined under this title or imprisoned not more than ten years, or both.

Just as Plaintiffs failed to sufficiently plead facts establishing a conspiracy among the parties to violate the RICO statute, they have likewise failed to allege facts supporting a conspiracy among the parties to deprive the Branhams of their civil rights. Plaintiffs' further contention that Defendants' purpose of action was motivated by racial animus is totally unsupported.

**D.  Libel, Slander, Invasion of Privacy, Portrayal in False Light, and Conspiracy Claims**

Plaintiffs' state law claims of libel, slander, invasion of privacy, portrayal in false light, and conspiracy are governed by the one-year limitations period of KRS 413.140. Because Plaintiffs filed their complaint on August 22, 2007, they must allege that Defendants took some action on or after August 23, 2006 that gave rise to each of the above claims; otherwise the claims are barred

by the statute of limitations. As established above, the only action that occurred on or after August 23, 2006, according to Plaintiffs' complaint, was the dismissal of the charges against Mr. Branham, on August 24, 2006.

As no libelous matter was published on or after August 23, 2006, Plaintiffs' libel claim is time-barred. As no slanderous tort occurred on or after August 23, 2006, Plaintiffs' slander claim is time-barred. As Plaintiffs' rights to privacy were not infringed on or after August 23, 2006 their invasion of privacy and portrayal in false light claims are time-barred. As no last overt act in furtherance of a conspiracy occurred on or after August 23, 2006, Plaintiffs' conspiracy claims are time-barred, as well.

**E. Malicious Prosecution**

Plaintiffs bring a claim of malicious prosecution against "The Police Agencies," MCA, and MCA employee Eric Lakes. In their complaint, Plaintiffs define "The Police Agencies" as the LFUCG Division of Police and Detective James Jeffries. The LFUCG Division of Police is not an entity subject to suit, as it is simply an operating division of the LFUCG. Accordingly, Plaintiffs' malicious prosecution against "The Police Agencies" must be dismissed.

The elements of a malicious prosecution action under Kentucky law are clear.

> [T]here are six basic elements necessary to the maintenance of an action for malicious prosecution, in

> response to both criminal prosecutions and civil action. They are: (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky., 1981). Upon finding what was believed to be child pornography on Plaintiffs' computer, an MCA employee contacted the LFUCG Division of Police. In their motion to dismiss, MCA and Eric Lakes state that the reporting of what was thought to be child pornography was not done out of malice toward Plaintiffs, but out of concern that they had happened upon criminal material. Plaintiffs offered no response to this statement. This fact, coupled with Kentucky's position that "actions for malicious prosecution have traditionally been disfavored due to the chilling effect on those considering reporting a crime," *Broaddus* v. *Campbell*, 911 S.W.2d 281 (Ky. Ct. App. 1995)(citing *Reid v. True*, 302 S.W.2d 846 (Ky. 1957)), requires that Plaintiffs' malicious prosecution claim be dismissed.

**F.  Wrongful Discharge**

Plaintiff Sean Branham alleges that he was wrongfully discharged from his employment with FCPS as a result of the criminal charges against him, charges that were ultimately dropped. On August 11, 2005, Sean Branham was awarded a one-year employment contract by FCPS to teach during the 2005-2006 school year. On

April 28, 2006, Branham was advised that his contract would not be renewed for the 2006-2007 school year, noting that his emergency teaching certificate would expire in June of 2006. It was not until two months later, on June 7, 2006, that Branham was charged with possession of matter portraying a sexual performance by a minor.

It defies logic to presume that at the time it decided to issue a non-renewal letter to Branham in April, that FCPS could have anticipated Branham's arrest in June and made that the basis for its decision not to renew his contract. For this reason alone, Branham's wrongful discharge claim must fail. Moreover, however, Branham failed to allege that his non-renewal was contrary to an applicable statutory scheme, an essential element of a wrongful discharge claim. *See Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730 (Ky. 1983); *see also Grzyb v. Evans,* 700 S.W.2d 399 (Ky. 1985).

**G.  Breach of Contract**

Plaintiffs bring claims of "detrimental reliance and breach of contract" against MCA and its employee, Eric Lakes. As grounds for these claims, Plaintiffs state that they understood that when MCA assumed possession of the computer for the purposes of repair, that MCA and its employees would not "pry into the contents thereof needlessly." Specifically, Plaintiffs allege that MCA and Lakes "breached a contract of repair service with complete privacy upon

13

which customers have the right to rely." MCA and Lakes state that there was no written repair contract containing such privacy terms and that the parties did not orally communicate regarding such terms. Plaintiff offered no response. What Plaintiffs "understood" the contract to be is immaterial, as MCA and Lakes cannot "breach" a provision of a contract when the contract - if it existed at all - was not communicated to MCA and Lakes.

**H. Negligence**

As for Plaintiffs' negligence claim, they merely allege that "Defendants, and each of them, have thereby committed acts of negligence, error and omission." Compl. at 12. Plaintiffs' negligence claim is controlled by the one year-statute of limitations found at KRS 413.140. As previously discussed, when considering the core facts of this case, the only event to have occurred within the one year prior to the filing of Plaintiffs' lawsuit was the dismissal of the charges against Sean Branham. While the complaint does not indicate what conduct of the various Defendants the Plaintiffs deemed to be negligent, it certainly was not the dismissal of the charges against Sean Branham. Accordingly, any negligence claims are barred by the one-year statute of limitations.

**I. Respondeat Superior**

By their respondeat superior claim, Plaintiffs seek to hold the various employer-defendants vicariously liable for the wrongs

14

of their employees. Having concluded that all of Plaintiffs' claims fail, the Court need not address the merits of Plaintiffs' respondeat superior claim.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED**, that Defendants' motions to dismiss be, and the same hereby are, **GRANTED**.

This the 24th day of April, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge